UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **NATIONAL SHELTER PRODUCTS, INC.,** | ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | No. 3:05cv0693 AS |
| **CAST PRODUCTS CORPORATION,** a wholly owned subsidiary of **DEHCO, INC.,** | ) ) ) ) | |
| **Defendant** | ) | |

*MEMORANDUM, OPINION AND ORDER*

On July 27, 2006, this court heard oral argument and entered into dialogue with the able counsel representing the parties in this case. The complaint in this case was filed on October 21, 2005 invoking this court's diversity jurisdiction under Title 28 U.S.C. §1332. It was further indicated in the proceedings that the substantive law of Indiana would apply here. That being said, there is a good deal of discussion about trademark law. This court has before it the complete text of a written argument between these parties executed on May 1, 2001. The claims are divided into three subjects, namely breach of contract, unjust enrichment and breach of fiduciary duty. The third of these subjects was discussed more in the proceedings had on July 27. Whether there was a fiduciary duty created here provides very much of the lynchpin for the remaining claims. Although done in a slightly different context, *see* this court's recent opinion in *Casey v. Phelan Ins. Agency, Inc.*, 431 F.Supp. 888 (N.D. Ind. 2006), at pps. 897-98.

It should be noted that the defendant's motion to dismiss counts II and III was converted to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Understanding that there are important areas for a presiding district judge to make decisions of law in breach of contract cases as a general proposition under Rule 56 it appears that there is enough here, if only barely enough, to get this case to a jury under the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995). There was considerable discussion about, and this court was provided a copy of *Wolf v. The Superior Court*, 107 Cal. App. 4th 25, decided in 2003. This case was cited by this court in a patent case pending in Lafayette, Indiana, cause number 4:03cv0046, *Cook Biotech v. Acell*, which went to trial and is now on appeal in the Federal Circuit. While it is on appeal, nothing said or done there will be considered authority here. It is a divided opinion in an intermediate court in California and it was found in an intellectual property context under federal law that the Walt Disney Studio did not have a fiduciary relationship with the novelist who was Gary K. Wolf. With all deference and respect, that case is not particularly binding on this court although it was used and considered in a case bottomed on federal question jurisdiction. This court is much more impressed with *Kreigbaum v. 1st National Bank and Trust*, 776 N.E. 2d 413 (Ind. App. 2002). The substantive law of Indiana applies here. It was contended by counsel for defendant that the quotation chosen by the plaintiffs from *Kreigbaum* left off the following additional sentence: "Furthermore, it must be shown that the dominant party wrongfully abused the confidence by improperly influencing the weaker so as to obtain an unconscionable

2

advantage." To be sure, there is language in *Kreigbaum* that the existence of a fiduciary relationship which triggers its own standards of liability is generally somewhat fact specific. *Olcott Intern. v. Micro Data Base Systems*, 793 N.E. 2d 1063, 1073 (Ind. App. 2003) is an object lesson of how complicated and difficult this species of litigation can get even when in the hands of the smartest lawyers and best judges. Because the existence or non-existence of a fiduciary relationship is key to so much, that issue will be bifurcated and tried first and separately before the jury selected to hear this case. That should be accomplished in very limited time, perhaps two days. Depending on the outcome of that issue, the case will then proceed before the same jury on the remaining relevant issues, if any.

This case is now set for trial in South Bend, Indiana on Monday November 20, 2006 at 9:30 a.m. (local time). For the record at this time, the defendant's motions for summary judgment are **DENIED** with leave to renew the issues at an appropriate time. Counsel should be prepared to go forward under the arrangements just described here. This matter is being **REFERRED** to United States Magistrate Judge Christopher A. Nuechterlein for settlement conference. Able counsel should engage in deep reality therapy. **IT IS SO ORDERED**.

**DATED:** August 1, 2006

                                                     **S/ ALLEN SHARP**
                                                   **ALLEN SHARP, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein